UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

UNITED STATES OF AMERICA           :

   -against-                                    :       NOTICE OF MOTION

ALHASSANE OULD MOHAMED       :       13 CR 0527 (WFK)

   Defendant.                                 :

-----------------------------------------------X

      PLEASE TAKE NOTICE, that the defendant, ALHASSSANE OULD MOHAMED, who is currently confined at the Metropolitan Correctional Center ("MCC") and in its Special Housing Unit ("SHU"), by his attorneys DOUGLAS G. MORRIS, ESQ., and MILDRED WHALEN, ESQ., of Federal Defenders of New York, Inc., upon the attached Memorandum of Law and Fact, its exhibits, and all prior papers and proceedings, before the Honorable William F. Kuntz, United States District Judge for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, on a date and at a time as set by the Court

     I.    Will move the Court for an Order to vacate the Special Administrative Measures ("SAMs"), to release Mr. Mohamed from the SHU, and to place him in the general prison population; or in the alternative, to vacate and/or modify various sections and provisions of the SAMs because they violate the Sixth, Fifth and First Amendments, and their regulatory basis in 28 C.F.R. §501.3; or, in the alternative, on the same grounds and for the same relief, will petition the Court for a writ of habeas corpus, pursuant to 28 U.S.C. §2241; and

     II.   To the extent the Court does not vacate the SAMs, will move the Court for an Order or, in the alternative, petition the Court for a writ of habeas corpus, for modifications in the SAMs and for other appropriate relief, which includes the following:

         A.    The government shall provide Mr. Mohamed with the activities set forth in the letter to the government from Ms. Vivianne Guevara, Director of Client and Mitigation Services at Federal Defenders of New York, Inc., of October

1

22, 2014,;

B. The government shall at all times make sure that Mr. Mohamed has sufficiently warm clothing and bedding;

C. The government shall provide Mr. Mohamed a weekly meeting with MCC staff with an interpreter who speaks either French or Mr. Mohamed's dialect of Arabic;

D. The government shall arrange for regularly scheduled weekly phone calls between Mr. Mohamed and his legal counsel;

E. The SAMs, §2.b.ii, shall be amended to eliminate the words "physical and," and the words "*i.e.*, in the same room," and to add at the end that "the attorney may talk with the inmate with an interpreter who participates by conference call after the interpreter has represented to the attorney that nobody else is listening in on the conversation or is in earshot of the interpreter.";

F. The SAMs, §2.h.i., shall be amended to add the words "or have been produced by the government in discovery or are being used by the defense counsel in developing a defense, including but not limited to responding to any legal or factual allegations made by the government."

G. To the extent the government monitors, overhears or in any way listens to any phone calls of Mr. Mohamed,

   1) The government shall provide defense counsel with a regular accounting of every one who has heard the phone conversation, whether live or on tape, including each person's name and position;

   2) Those people who hear such phone conversations shall not include any agents or other government employees engaged in, consulted with, or otherwise involved in prosecuting the federal case;

    3)     The contents of such phone conversations shall not be passed on to the prosecution; and

    4)     For all past and future phone calls, the government shall provide defense counsel with copies of any documentation made, including transcripts and translations, and the respective cassette tapes or compact disks;

H.     The government shall provide defense counsel with copies of all Mr. Mohamed's non-legal mail and be informed if, and when, the mail is delivered to Mr. Mohamed;

I.     The government shall notify defense counsel directly, as well as Mr. Mohamed, pursuant to SAMs §3.g.v., "in writing of the seizure of any mail" based on the government's determination that the mail contains "overt or covert discussions of or requests for illegal activities, the soliciting or encouraging of acts of violence, or actual or attempted circumvention of the SAM";

J.     The government shall work with defense counsel to find a mutually agreeable charitable organization that can send precleared volunteers on a regular schedule to visit Mr. Mohamed for the purpose of conversations and activities unrelated to the case or politics; and

K.     The Bureau of Prisons and Metropolitan Correctional Center shall conduct an on-site tour for the Court and parties of the cell(s) and area of Mr. Mohamed's confinement or, in the alternative, provide photos; and

III.  Will ask the Court to grant such other and further relief as it may deem just and proper.

DATED: BROOKLYN, N.Y.
JANUARY 29, 2015

*Douglas J. Morris*
DOUGLAS G. MORRIS, ESQ.
MILDRED WHALEN, ESQ.
FEDERAL DEFENDERS OF NEW YORK, INC.
ONE PIERREPONT PLAZA, 16TH FLOOR
BROOKLYN, N.Y. 11201

ATTORNEYS FOR DEFENDANT
MOHAMED OULD ALHASSANE

TO: Assistant U.S. Attorney Zainab Ahmad

Assistant U.S. Attorney Celia Cohen

Assistant U.S. Attorney Samuel Nitze

Clerk of the Court

Mr. Mohamed Ould Alhassane